UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DEXTER BERNARD LOGAN,**
                    **Plaintiff,**


**v.**                                                    **Civil Action No. 3:18-CV-82
                                                           (GROH)**


**JOE COAKLEY, Warden,**
**MARK INCH, Head of Education, and**
**R. KEYS, Assistant Warden,**
                    **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

**I.      INTRODUCTION**

This action was initiated on May 23, 2018, by the *pro se* Plaintiff, who was

previously[1] a federal prisoner who was incarcerated at USP Hazelton, in Bruceton Mills,

West Virginia, as a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents

of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  ECF No. 1.  Plaintiff claims he was

denied access to the courts by officials who denied him access to legal research.  <u>Id.</u>

Plaintiff seeks $500,000.00 in compensatory damages from each defendant, and

$25,000.00 in punitive damages from each defendant.  <u>Id.</u> at 9.  On June 18, 2018,

Plaintiff filed a memorandum of law[2] in support of his complaint.  ECF No. 17.

This matter is pending before the undersigned for a Report and Recommendation

pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1]  Plaintiff's current address listed on the docket is at Wakulla Correctional Institution – Annex in
Crawfordville, Florida.  According to the Bureau of Prisons' Inmate Locator system, Plaintiff was released
from federal custody on October 5, 2018.  https://www.bop.gov/inmateloc/

[2]  The memorandum of law was filed in compliance with the May 13, 2018 order granting in part
Plaintiff's motion to exceed.  ECF No. 13.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.      The allegations in the complaint.

As noted above, Plaintiff initiated this action on May 23, 2018, pursuant to <u>Bivens</u>, asserting various claims related to his alleged denial of access to legal research while incarcerated at Hazelton.  ECF No. 1.  Plaintiff named Warden Joe Coakley[3], Assistant Warden R. Keys, and the director of the Bureau of Prisons, Mark Inch[4], as defendants. Plaintiff claims he suffered violations of his Due Process, 14th Amendment, 5th Amendment and Equal Protection rights.  <u>Id.</u> at 9.  Plaintiff does not list any specific physical injury which he suffered as a result of his treatment by the named defendants.

Plaintiff claims that he is entitled to monetary damages pursuant to <u>Bivens</u> based on the following allegations that: (1) "on multiple occasions [ ] the Federal Bureau of Prisons denied [him] legal research access" [<u>Id.</u> at 7];  (2) Warden Coakley "denied petitioner with legal research access or assistance" [<u>Id.</u> at 8]; and (3) that Assistant Warden Keys denied [him] legal research access or assistance.  In asserting his injuries, Plaintiff claims that, "because of the action of Mark Inch . . . Warden Joe Coakley, and . . . . Assist[ant] Warden R. Keys not giving me access to the courts . . . I was time-barred because I did not have the State of Florida Rules and Procedures."  ECF No. 1 at 9.

---

[3]  The Court notes that Coakley is no longer warden at USP Hazelton, having retired effective March 31, 2019.  http://wvmetronews.com/2019/02/06/hazelton-federal-prison-warden-to-retire-march-31/

[4]  The Court notes that Inch is no longer the director of the Bureau of Prisons, having resigned on May 18, 2018, three days before the complaint which initiated this action was signed by Plaintiff, and five days before it was filed with the Clerk.  https://www.nytimes.com/2018/05/18/us/politics/mark-inch-director-bureau-of-prisons-resigns.html

## III.     LEGAL STANDARD

### A.     Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

   B.   **Civil Rights Actions Under Bivens.**

   In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents.   In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts."   Id.   See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

   "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Id.   "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."   Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

   In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(internal citations omitted).  The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of

4

(2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

## IV.    ANALYSIS

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Malesko, 534 U.S. at 70. The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[6] [have] the additional pleading requirement that the 'complaint

---

[6] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

Plaintiff has named as defendants the Federal Bureau of Prisons ("BOP") director Mark Inch ("Inch"), and both the warden Joe Coakley ("Coakley") and assistant warden R. Keys ("Keys") at USP Hazelton.  Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted as to any of the defendants.  "While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir. 1993) (internal citation omitted).

In regard to Inch, Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  Plaintiff fails to make any factual allegations of a violation of his civil rights by Inch personally or in his individual capacity.  ECF No. 1 at 7.

Additionally, Plaintiff fails to allege that either Coakley or Keys, "through the official's own individual actions, has violated the Constitution," as required by Iqbal.  To the extent that Plaintiff alleges that Coakley and Keys are responsible for the actions of subordinate officials at USP Hazelton, pursuant to Iqbal, individuals with supervisory responsibility are immune from liability from allegations that subordinate officials violated Plaintiff's civil rights.

The three Defendants, none of whom Plaintiff alleges had any contact[7] with him directly, had, at most, only supervisory responsibility for acts of their subordinates who had contact with Plaintiff.  However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates."  Ashcroft v. Iqbal, supra, 556 U.S. at 676.  Plaintiff identifies supervisory officials as the defendants in this case, without stating how those Defendants violated his civil rights.  Nor does Plaintiff claim that these supervisory officials violated his constitutional rights through the exercise of supervisory authority over subordinate employees.

As noted above, vicarious liability under the theory of respondeat superior is inapplicable to Bivens actions.  Id.  Bivens claims are brought against individual federal actors for their own acts.  However, Plaintiff has failed to articulate any violation of his Constitutional rights by Coakley, Inch or Keys.  Further, Plaintiff failed to allege that those named supervisory officials personally or in their individual capacities took any action which violated his Constitutional rights.  Consistent with the holdings of the United States Supreme Court, it is clear that the Plaintiff fails to present a claim upon which relief can be granted as relates to Defendants.  Because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted, and his complaint should be dismissed with prejudice.

Additionally, even if Plaintiff's claims are considered on their merits, Plaintiff still fails to present a claim upon which relief may be granted.  Plaintiff's essential claim is that he was denied access to the courts because prison officials did not provide him with

---

[7] Plaintiff asserts that Coakley and Keys both "denied" him legal research access.  ECF No. 1 at 8.  Although Plaintiff failed to allege which individual actions by either Coakley or Keys violated his civil rights he did, however, attach to his complaint Coakley's denial of Plaintiff's request for administrative remedy.  ECF No. 1-1 at 6.

access to legal research applicable to the state of Florida.  ECF No. 1 at 7 – 8.  Although

not clearly articulated, it appears that Plaintiff claims that Coakley's denial of an

administrative remedy constituted a violation of Plaintiff's civil rights.  However, review

and determination of administrative remedies is a discretionary function which is routinely

performed by any official who holds the position of warden.  Performance of such a

discretionary function—here the determination of whether to grant or deny an

administrative remedy—clearly affords Coakley qualified immunity.

> Government officials are entitled to qualified immunity with
> respect to "discretionary functions" performed in their official
> capacities. The doctrine of qualified immunity gives officials
> "breathing room to make reasonable but mistaken judgments
> about open legal questions" . . . . Whether qualified immunity
> can be invoked turns on the "objective legal reasonableness"
> of the official's acts. . . . This requirement—that an official
> loses qualified immunity only for violating clearly established
> law—protects officials accused of violating "extremely
> abstract rights."

Ziglar v. Abbasi, 137 S. Ct. 1843, 1866, 198 L. Ed. 2d 290 (2017) (internal citations

omitted).  Coakley's acts as warden which denied Plaintiff an administrative remedy which

sought access to legal research as to Florida state law was objectively reasonable.

Accordingly, Coakley is entitled to qualified immunity, and Plaintiff fails to state a claim

upon which relief may be granted as to Coakley.  If Plaintiff had made a similar claim as

to Key as the assistant warden and director of education, or Inch, as the director of the

Bureau of Prisons, the same doctrine would apply.

Moreover, to the extent that Plaintiff asserts a claim that he was denied access to

the Courts, he fails to identify an actual injury which resulted from official conduct of which

he complains.  Pursuant to 42 U.S.C. § 1997e(e):

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

The Fourth Circuit has held that, "[a] showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).  Because Plaintiff has failed to identify any specific injury he suffered as a result of any actions of any defendant, Plaintiff's claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

For all the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted and this Court recommends that this matter be dismissed with prejudice.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        March 4, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE