# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DEXTER BERNARD LOGAN,**

      Plaintiff,

v.                                                                                               **CIVIL ACTION NO.: 3:18-CV-82 (GROH)**

**WARDEN JOE COAKLEY, Director (FBOP),**
**In his Individual and Official Capacity,**
**MARK INCH, Head of Education,**
**In his Individual and Official Capacity, and**
**R. KEYS, Assistant Warden,**
**In his Individual and Official Capacity,**

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 35] on March 4, 2020. In his R&R, Magistrate Judge Trumble finds that Plaintiff has failed to state a claim upon which relief can be granted and recommends that Plaintiff's complaint [ECF No. 1] be dismissed with prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 25, 2020, the Court granted Plaintiff's motion for extension of time and directed him to file any objections to the R&R by May 25, 2020. ECF No. 38. Plaintiff's objections were mailed on May 22, 2020 and subsequently filed on May 28, 2020. ECF No. 41. Accordingly, the Court will review the portions of the R&R to which Plaintiff objects *de novo*.

## II.   Discussion

Plaintiff's civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) alleges that named Defendants denied him access to legal research, specifically not providing him with the State of Florida Rules and Procedures, while incarcerated at USP Hazelton in Bruceton Mills, West Virginia. In his R&R, Magistrate Judge Trumble recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. More specifically, Judge Trumble first finds that Plaintiff fails to make any factual allegations demonstrating that Defendants personally or in their individual capacities took any actions that violated his constitutional rights. Second, Judge Trumble finds that Defendant

Coakley's denial of Plaintiff's request for administrative remedies is a discretionary function and therefore entitles him to qualified immunity. Lastly, Judge Trumble finds that Plaintiff fails to identify an actual injury that resulted from the Defendants' alleged conduct.

First, Plaintiff argues that his complaint satisfies the two-prong inquiry for qualified immunity articulated in Pearson v. Callahan, 555 U.S. 223 (2009). The Supreme Court holds that government officials, including prison officials, are entitled to qualified immunity when performing discretionary functions, as long as "their conduct does not violate clearly established statutory or constitutional rights which a reasonable would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). While it is unsettled that prisoners have a constitutional right of access to the courts, Plaintiff does not allege facts showing that Defendants violated this right. The Fourth Circuit has held that "the destruction or unreasonable seizure or tampering with important legal materials is an unconstitutional interference with a prisoner's right of access to the courts." Bryant v. Muth, 994 F.2d 1082, 1087 (4th Cir. 1993). As stated in the R&R, Defendants' alleged denial of state law materials do not rise to the level of a constitutional violation, especially when Defendant Coakley reasonably acted within his discretion in denying Plaintiff an administrative remedy to access the requested legal materials.

Next, Plaintiff argues that his complaint does allege actual injury resulting from Defendants' conduct. In support, he reiterates that his state and federal habeas petitions would not have been dismissed as time barred if Defendants did not deny him access to the requested state law materials. The Supreme Court instructed that in order to assert

3

a claim for the denial of access to the courts, an inmate must establish relevant actual injury by demonstrating that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996); Strickler v. Waters, 989 F.2d 1375, 1383–84 (4th Cir. 1993) (holding that prisoners must allege actual injury or specific harm when asserting claims of denial of access to courts). Liberally construing his complaint, the Court finds that Plaintiff has not asserted a minimum level of factual support for actual injury. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989). In fact, looking closely at Plaintiff's grievances, the National Inmate Appeals Administrator informed Plaintiff that "state legal materials are not a required publication of the Electronic Law Library and will not be provided." ECF No. 1-1 at 11. Therefore, Plaintiff cannot allege actual injury, let alone make out a claim for denial of access to the courts, when Defendants are not required to provide inmates with state legal materials.

After concluding that Plaintiff fails to allege actual injury and that Defendants are entitled to qualified immunity, the Court finds that Plaintiffs' objections must be overruled.

### III.    Conclusion

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 35] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff by certified mail, return

receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** June 8, 2020

_/s/ Gina M. Groh_
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE
